IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAKEISHA ROBINSON**                                                     **PETITIONER**

v.                                                     **CAUSE NO. 3:16-cv-216-TSL-MTP**

**WARDEN BRIAN PAYNE, ET AL.**                                 **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of LaKeisha Robinson for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondents' Motion to Dismiss [10] pursuant to 28 U.S.C. § 2244(d). Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss [10] be GRANTED and that the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On June 15, 2012, Petitioner was sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections after having been convicted of felony child abuse in the Circuit Court of Scott County, Mississippi. *See* Judgment [10-1]. Petitioner appealed her conviction and sentence to the Mississippi Court of Appeals. On November 26, 2013, in a written opinion, the Court affirmed the trial court's judgment. *See Robinson v. State*, 126 So. 3d 953 (Miss. App. 2013). Petitioner did not seek discretionary review in the Mississippi Court of Appeals.

On November 10, 2014, Robinson filed a Motion for Reconsideration [10-3] with the Scott County Circuit Court. The circuit court treated the Motion [10-3] as a motion for post-

1

conviction relief and denied the Motion on November 24, 2014. *See* Order [10-4]. Petitioner did not appeal the trial court's ruling. On January 13, 2016, Petitioner submitted the instant Petition for Writ of Habeas Corpus in this Court.[1] Thereafter, Respondents filed their Motion to Dismiss [10], asserting that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On November 26, 2013, the Mississippi Court of Appeals rendered its judgment. *See*

---

[1] The Petition was signed, at the earliest, on January 13, 2016, and stamped filed on February 11, 2016. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Colemant v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the Court will use the earlier date of January 13, 2016.

*Robinson*, 126 So. 3d at 953. Petitioner had fourteen days from that date to file a motion for rehearing. *See* Miss. R. App. P. 40(a).  Petitioner did not file a motion for rehearing. Thus, Petitioner "stopped the appeal process" prior to the conclusion of direct review in the state courts. *See Roberts*, 319 F.3d at 964. Accordingly, Petitioner's judgment became final–and the statute of limitations for habeas relief began to run–on December 10, 2013 (November 26, 2013, plus 14 days). *Id.* Petitioner was required to file her federal habeas petition by December 10, 2014, unless she is entitled to statutory and/or equitable tolling. Petitioner filed her Petition on January 13, 2016.

**Tolling**

Whether statutory tolling occurred during the period of time between the judgment becoming final on December 10, 2013, and Petitioner filing her federal Petition on January 13, 2016, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As previously stated, Petitioner filed a motion for post-conviction collateral relief on November 10, 2014. *See* Motion [10-3]. The Motion was denied on November 24, 2014. *See* Order [10-4]. As a result, the limitation period was tolled, at most, for fourteen days (November 10, 2014, to November 24, 2014). Petitioner was required to file her federal habeas petition by December 24, 2014 (December 10, 2014, plus 14 days), absent equitable tolling.[2]

---

[2] On October 6, 2015, Petitioner filed another application regarding post-conviction collateral relief in state court. *See* [10-5]. However, by the time Petitioner filed her second application, the time for filing a federal habeas petition had already expired. Thus, the second application did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(holding that a state habeas application did not toll the limitation period under Section

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling[3] and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court conviction became final on December 10, 2013. Based upon the one-year limitation period, in addition to the allotment of statutory tolling found in 28 U.S.C. §

---

2244(d)(2) because it was not filed until after the limitation period expired).

[3] On May 5, 2016, Respondents filed their Motion to Dismiss [10]. On May 24, 2016, the Court directed Petitioner to file a response to the Motion to Dismiss on or before June 7, 2016. *See* Order [11]. Petitioner failed to respond to the Motion to Dismiss.

2244(d), Petitioner was required to file her federal petition by December 24, 2014. Petitioner filed her petition on January 13, 2016, more than one year past the deadline for federal habeas relief. As petitioner has failed to demonstrate that further statutory or equitable tolling is appropriate, she cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondents' Motion to Dismiss [10] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of June, 2016.

                                                       s/ Michael T. Parker
                                                       United States Magistrate Judge